ELIAS L. EMERY, APPELLEE, V. SAMUEL R. JOHNSON,
APPELLANT.

FILED MAY 16, 1893.   No. 3813.

Ejectment: EVIDENCE: REVIEW.   Upon appeal, as to equitable
    issues, the decree of the district court will be reversed when it
    is clearly against the preponderance of the evidence, upon which
    such issues were determined. ·

APPEAL from the district court of Douglas county.
Heard below before GROFF, J.

*Cavanagh, Atwell & Thomas* and *Scott & Scott,* for ap-
pellant.

*Hall, McCulloch & English, contra.*

RYAN, C.

On the 2d day of November, 1887, Elias L. Emery filed
in the district court of Douglas county, Nebraska, his pe-
tition in ejectment, for the possession of a strip of land
which the plaintiff alleged had been wrongfully withheld
from him by the defendant Samuel R. Johnson since June
1, 1878.

The said defendant answered December 3, 1887, deny-
ing the ownership, right of possession and every other
right of plaintiff as to the strip of land in controversy, and
admitting that defendant had been in possession thereof
since June 1, 1878, but denying that said possession was

wrongful. The answer further alleged that defendant had been in the lawful, peaceful, and uninterrupted possession since November 7, 1877, of the following described premises, situate in the city of Omaha, county of Douglas, state of Nebraska, to-wit: The west part of lot 2 in Capitol addition to the city of Omaha, commencing at the northwest corner of said lot, running thence south on its west line 332 feet to the north line of Douglas street, thence east $83\frac{1}{2}$ feet, thence north 332 feet to the south line of Dodge street, thence west $83\frac{1}{2}$ feet to the place of beginning, said premises including the premises described in the petition of plaintiff; that plaintiff and Mary E. Emery, who is the wife of the plaintiff, claim and pretend to be possessed of an estate or interest in the south fourteen feet, more or less, of said premises, but that said claim and pretense is without any right whatever, and that said Emerys have of right no estate or interest whatever in said property or any part thereof.

The defendant further alleged that on or about November 1, 1877, the said Emerys sold to defendant the premises above described and that on November 7, 1877, the said Emerys executed and delivered to defendant a deed wherein the premises so sold and conveyed were by mistake described as "the west part of lot 2, Capitol addition to Omaha city, commencing at the northwest corner of said lot 2, running thence south to the west line of said lot 318 feet, thence east $83\frac{1}{3}$ feet, thence north 318 feet to the south line of Dodge street, thence east $83\frac{1}{2}$ feet to the place of beginning, whereas it was the understanding, contract, and agreement by and between the said parties that the said property so purchased by defendant should include all that part of said lot 2 extending from the northwest corner thereof to such a distance south as that when Douglas street should be opened in front of said premises the south end of the property so conveyed should extend to and constitute the north line of said Douglas street."

The answer further alleged that at the time of the afore-said purchase the said Douglas street had been opened up to a width of eighty feet to the east line of the property above described, but that immediately in front of said premises said Douglas street has since been opened up to a width of about sixty-six feet; that the defendant and the above named vendors all supposed that when said street was opened up it would be eighty feet in width in front of said premises, but, as above stated, the property conveyed, was to extend to the north line of Douglas street, whether the same should be eighty feet, more or less, in width. The answer closed with a prayer for the relief consistent with the above allegations of the answer.

There was a reply denying the above averments upon which the defendant based his claim for the relief prayed in his answer.

On February 23, 1889, a decree was entered in favor of the plaintiff, in which it was ordered and adjudged that the defendant, as against Emerys, had no equitable title to the fourteen feet in the answer described, and that the equitable claim made by defendant thereto be dismissed. An appeal from this decree brings this case before us for review.

The contention is as to a strip of land fourteen feet wide across the front of lot 2 above described. At the time of the conveyance to Johnson, Douglas street had not been laid out in front of lot 2 aforesaid, but for the distance it had been laid out its width was eighty feet. It was subse-quently laid out and opened in front of said lot with a width of but sixty-six feet, and the difference between said eighty feet and sixty-six feet, that is fourteen feet, is the subject-matter of this appeal.

The evidence of Johnson was to the effect above set out in his answer; he distinctly stated in his testimony that the plaintiff in express terms represented that Douglas street would be eighty feet in width along the front of said lot 2,

and that he relied upon said representation in his purchase, and that as said purchase was only of a part of said lot 2, it was necessary to describe the tract purchased by metes and bounds, and that the distance southward from the place of beginning was described by such number of feet as would reach the north line of Douglas street when it should be extended from its then terminus. In favor of the reasonableness of this testimony it is impossible to ignore the fact that if the grantor is allowed to retain the fourteen feet in dispute, the property of the defendant will, by that strip, be cut off from Douglas street. The defendant in testifying remarked that he would not have purchased the property with the right of ingress and egress upon Douglas street cut-off, and that seems very probable. The testimony of the defendant was clear, candid, and convincing. On the other hand, the evidence of the plaintiff, as well as his version of the facts, showed nothing but a disposition to rely solely upon the description embodied in the deed of conveyance. For instance, he was asked, "What was the talk, if any, at the time that purchase was made? State to the court the full particulars. Ans. I did not have any talk; I sold him 318 feet of ground long and 83½ feet wide." The court said, "Let him state what was said and done at the time the deal was made." The plaintiff thereupon answered, "I made Mr. Johnson a deed to the piece of ground—described it in the deed. I gave him the numbers." On his cross-examination he admitted that he expected Douglas street would be eighty feet wide, indeed, he favored its being 100 feet in width—supposed it would be 100 feet wide, and that twenty feet would be taken off the 318 he sold to Johnson.

There was no evidence whatever that would tend to show that Johnson did not take possession of the whole tract sold him, inclusive of the fourteen feet in dispute, when the deed was made to him in 1877, until a year or two before the trial, when plaintiff put a fence along the strip in dis-

pute.   As plaintiff in his petition alleged that the defend-
ant had been in possession of the strip in dispute since June
1, 1878, and as plaintiff's evidence founds no right upon
the existence of this fence, its existence has no significance
in favor of the plaintiff.   It is not, therefore, an assump-
tion unfounded in the pleadings and evidence, that from
the date upon which the deed from Emerys to Johnson was
recorded, November 8, 1877, until November 2, 1887, a
period of almost ten years, Johnson had been in the occu-
pancy and possession of the strip in dispute.   While this
lacks six days of the full period necessary by possession to
acquire title, and therefore the statute of limitations had
not, when this suit was commenced, barred plaintiff's right
of action, yet this condition of affairs, unquestioned for so
long, militates very seriously against plaintiff's technical
assertion of title.   Upon full consideration of the evidence
and pleadings the judgment of the district court is reversed.
A decree will be entered in this court in accordance with
the prayer of defendant's answer.

DECREE ACCORDINGLY.

THE other commissioners concur.